E-FILED
Wednesday, 25 June, 2014  05:12:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT A. HEARN,           )<br>                              )<br>     Petitioner,            )<br>                              )<br>     v.                      )<br>                              )<br>UNITED STATES OF AMERICA,   )<br>                              )<br>     Respondent.             ) | No. 14-3183 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Robert A. Hearn's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion shows that it must be dismissed because this is Petitioner's second § 2255 motion, and

Petitioner did not obtain permission from the Seventh Circuit to file a successive motion.

## I. BACKGROUND

On August 17, 2006, a jury found Petitioner guilty of possession with intent to distribute five or more grams of cocaine base. See United States v. Hearn, United States District Court, Central District of Illinois, Springfield Division, Case No. 06-30040. On March 16, 2007, Petitioner appeared for sentencing before United States District Judge Jeanne E. Scott.

At sentencing, Petitioner was held accountable for 15.4 grams of powder cocaine and 11 grams of crack cocaine. The Court also found that Petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines based on two convictions for manufacture/delivery of a controlled substance and one conviction for escape. See U.S. Sentencing Guidelines Manual § 4B1.1 (2005) (providing that a defendant is a career offender if the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction is a felony that is either a crime of violence or a controlled-substance offense, and the defendant has at least two

prior felony convictions of either a crime of violence or a controlled-substance offense); see also Sentencing Opinion, Case No. 06-30040 (d/e 72); Presentence Investigation Report, Case No. 06-30040 (d/e 69). Petitioner's guideline sentencing range was 360 months to life. The Court sentenced Petitioner to 360 months' imprisonment.

Petitioner appealed. While the case was pending on appeal, the United States Supreme Court decided Kimbrough v. United States, 552 U.S. 85 (2007). In Kimbrough, the Supreme Court held that a court, in its discretion, may deviate from the 100:1 crack/powder sentencing ratio. Id. at 110. On July 18, 2008, the Seventh Circuit affirmed Petitioner's conviction but vacated and remanded for resentencing in light of Kimbrough. United States v. Hearn, 534 F.3d 706 (7th Cir. 2008).

The Government and Petitioner both filed petitions for rehearing. The Seventh Circuit denied Petitioner's petition and granted the Government's petition for rehearing. The Seventh Circuit affirmed Petitioner's sentence on the ground that Petitioner was not eligible for a Kimbrough remand because he had been sentenced as a career offender. United States v. Hearn, 549 F. 3d

680 (7th Cir. 2008) (citing United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008) (holding that "a sentence entered under the career offender guideline, § 4B1.1, raises no Kimbrough problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines")).[1]  Petitioner filed a petition for certiorari, which the United States Supreme Court denied on June 15, 2009.

On April 20, 2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (First Motion).  See Hearn v. United States, United States District Court, Central District of Illinois, Springfield Division, Case No. 10-3092.  The First Motion raised several grounds for relief, including that Petitioner should receive a new sentencing hearing in light of recent decisions that allow sentencing courts to consider the disparity in the treatment of crack cocaine and powder cocaine when sentencing career offenders.

---

[1] As discussed below, Harris was subsequently overruled by United States v. Corner, 598 F.3d 411 (7th Cir. 2010).

In October 2010, United States District Judge Michael P. McCuskey denied the First Motion. Hearn v. United Sates, Case No. 10-3092, 2010 WL 4008340 (C.D. Ill. October 12, 2010) (declining to retroactively apply the recent cases Petitioner cited). Judge McCuskey also declined to issue a certificate of appealability. Id.

Thereafter, Petitioner filed a Motion to Alter or Amend Judgment Under Rule 59, which Judge McCuskey allowed in part. See Case No. 10-3092, Motion (d/e 12), Opinion (d/e 15). Specifically, the Court amended the judgment to provide that Petitioner was entitled to a certificate of appealability on the issue of whether he should be entitled to a resentencing hearing in light of United States v. Corner, 598 F.3d 411 (7th Cir. 2010), which overruled Harris and held that sentencing courts may disagree with the career-offender guideline in cases involving crack cocaine.

On appeal, the Seventh Circuit appointed counsel. However, counsel moved to withdraw on the ground that the certificate of appealability did not satisfy the statutory standard. See Hearn v. United States, No. 11-1220 (7th Cir. 2012) available in Case No. 10-3092 (d/e 29-1), citing 28 U.S.C. § 2253(c)(2) ("A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right"). The Seventh Circuit agreed that the certificate of appealability did not state a valid claim and that "no reasonable jurist would find it debatable or wrong that Corner, which is the progeny of United States v. Booker, 543 U.S. 220 (2005), is not retroactively applicable to cases on collateral review." See Hearn v. United States, No. 11-1220, available in Case No. 10-3092 (d/e 29-1). The Seventh Circuit granted the motion to withdraw, vacated the certificate of appealability, and dismissed the appeal. Id.

On June 18, 2014, Petitioner filed the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Second Motion) at issue herein. Petitioner asserts that his career criminal sentence is unconstitutional in light of Descamps v. United States, 133 S. Ct. 2276 (2013) (holding that a court, when determining whether a prior conviction is one of the crimes that qualifies to increase a sentence, may not use the modified categorical approach when the defendant was convicted under a statute that does not contain alternative elements even if the statute criminalizes conduct

broader than the relevant generic offense). Specifically, Petitioner argues that his Texas conviction for manufacture/delivery of a controlled substance does not qualify as a crime of violence for purposes of § 4B1.1 and his Illinois conviction for manufacture/delivery of a controlled substance does not qualify as a "predicate for purposes of invoking § 4B1.1." See d/e 1.

## II. ANALYSIS

A prisoner may not file a second or successive § 2255 motion unless he obtains certification from the court of appeals. 28 U.S.C. § 2255(h). In fact, "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F. 3d 990, 991 (7th Cir. 1996).

Petitioner's Second Motion is a successive § 2255 motion. Petitioner already received "one unencumbered opportunity to receive a decision on the merits" when he filed, and the Court denied, his First Motion in Case No. 10-3092. See, e.g., Potts v. United States, 210 F. 3d 770, 770 (7th Cir. 2000) (explaining when a previous motion "was the 'real thing' that ought to subject the petitioner" to the limitations the Antiterrorism and Effective Death

Penalty Act places on the filing of successive motions under § 2255). No exceptions to the certification requirement appear to apply. See Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (finding that where a petitioner successfully challenged his sentence pursuant to a § 2254 motion and was resentenced, his second § 2254 motion challenging his resentencing did not constitute a "second or successive" motion ); see also, e.g., Slack v. McDaniel, 529 U.S. 473, 478 (2000) (a habeas petition filed after the first petition was dismissed for failure to exhaust state remedies is not a second or successive petition).

Petitioner has not obtained certification from the court of appeals. Therefore, this Court lacks jurisdiction, and the Second Motion must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of

appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is a second or successive motion that the court of appeals has not granted him leave to file. Therefore, the Court DISMISSES the Motion (d/e 1) without prejudice for lack of jurisdiction. The Court declines to issue a certificate of appealability. The Court refers Petitioner to Rule 22.2

of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit for the procedure to request leave to file a second or successive § 2255 motion.

ENTER: June 24, 2014

FOR THE COURT:

                               s/Sue E Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE